## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

Emanuel Rodriguez-Isaac,

Petitioner,

v.

United States of America,

Respondent.

**Civil No. 19-1968(GMM)**

related to

**Criminal No. 12-036(CCC)**

## <u>OPINION AND ORDER</u>

Before the Court is Mr. Emanuel Rodriguez-Isaac's ("Petitioner" or "Rodriguez-Isaac") pro-se successive *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255* ("*Successive Motion under Section 2255*") in Criminal Case No. 12-036 (Docket No. 2); the Government's *Response in Opposition* (Docket No. 14); Petitioner's *Motion Requesting Dismissal of Sentence* (Docket No. 15); the Government's *Supplemental Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. Sec. 2255* (Docket No. 20); and Petitioner's *Reply to the United States' Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. Section 2255* ("*Reply to the United States Response*") (Docket No. 27).

Civil No. 19-1968(GMM)
Page -2-

For the reasons set forth, the Court finds that Petitioner's motion to vacate his sentence; his motion requesting dismissal of sentence, and Petitioner's reply to the United States' response must be **DENIED.** Petitioner's request for appointment of counsel is also **DENIED.**

As a preliminary matter, the Court notes that although this is Petitioner's second or successive motion pursuant to 28 U.S.C. Section 2255 ("Section 2255") (the first one, 14-1404, was previously denied by the Court), this Court has jurisdiction to entertain the same pursuant to the ruling by the First Circuit Court of Appeals.

Rodriguez-Isaac properly filed leave with the First Circuit Court of Appeals to obtain permission to file his successive Section 2255 motion.  On October 19, 2019, the First Circuit Court, issued its Judgment stating: "[Petitioner is] GRANTED leave to file a second or successive Section 2255 motion featuring a challenge to one or more 18 U.S.C. Section 924(c)convictions based on <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) ("Johnson II") and related precedent…Petitioner's application is GRANTED and he is hereby authorized to pursue in the district court a challenge to his 924(c)conviction(s) based on Johnson II and Related precedent."(Docket No. 1).

Civil No. 19-1968(GMM)
Page -3-

Rodriguez-Isaac was granted leave to file only as to the matter relating to his conviction for violations of 18 U.S.C. Section 924(c) and the applicability of the Supreme Court's ruling in <u>Johnson II</u>.  No other arguments were allowed by the First Circuit. Thus, all additional arguments raised by Rodriguez-Isaac are time barred and shall not be entertained by the court.

## I.   BACKGROUND

On February 10, 2012, Rodriguez-Isaac was charged with five counts of a Superseding Indictment. (Criminal Case No. 12-0036, Docket No. 25). Count One (1) charged:

> From in or about and between July 2011 through September 2011, both dates being approximate and inclusive, in the District of Puerto Rico and within the jurisdiction of this Court, [Emanuel Rodriguez-Isaac, a/k/a Manuelito and six additional co-defendants, defendants herein, did knowingly and intentionally combine, confederate, and agreed with each other and other persons, known and unknown to the Grand Jury, to commit an offense against the United States, that is: to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance, a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, and a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, to wit, Manuel A. Perez Public Housing Project in violation of Title 21, <u>United States Code</u>, Section 841(a)(1). All in violation of Title 21, <u>United</u>

Civil No. 19-1968(GMM)
Page -4-

States Code, Section 846 and 869, and Title 18, United
States Code, Section 2.

(Criminal Case No. 12-0036, Docket No. 25 at pp. 1-2).

Count Four (4) charged:

On or about August 15, 2011, in the District of Puerto
Rico and within the Jurisdiction of this Court, [6]
Emanuel Rodriguez-Isaac, a/k/a/ Manuelito and two
additional co-defendants, the defendants herein, aiding
and abetting each other and others known and unknown,
did knowingly possess a machinegun as the term is defined
in Title 18, United States Code, Section 921(a)(23) and
Title 26, United States Code, Section584(b), a firearm
of unknown brand, caliber, and serial number. All in
violation of Title 18, United States Code, Section
922(o) and 924(a)(2).

(Criminal Case No. 12-0036 Docket No. 25 at p. 5).

Count Five (5) charged:

On or about August 21, 2011, in the District of Puerto
Rico, and within the jurisdiction of this Court, [6]
Emanuel Rodriguez-Isaac, a/k/a Manuelito and five other
co-defendants, the defendants herein, aiding and
abetting each other and others known and unknown, in
furtherance of a major drug offense, as charged in Count
One, which count is incorporated by reference herein,
and with intent to intimidate, harass, injure, and maim,
fired a weapon into a group of two (2) or more persons,
killing Eizer Rivera Molina, which killing is murder
within the meaning of Title 18, United States Code,
Section 1111, in that the defendants, with malice
aforethought, did unlawfully kill Eizer Rivera Molina by
shooting him with the firearm willfully, deliberately,
maliciously and with premeditation. All in violation of
Title 18, United States Code, Section 36(b)(2)(A), 1111
and 2.

(Criminal Case No. 12-0036 Docket No. 25 at p. 6).

Civil No. 19-1968(GMM)
Page -5-

    Count Six (6) charged:

    On or about August 21, 2011, in the District of Puerto
    Rico, and within the jurisdiction of this Court, [6]
    Emanuel Rodriguez-Isaac, a/k/a Manuelito and five
    additional co-defendants, the defendants herein, aiding
    and abetting each other and others known and unknown,
    did knowingly use and carry a firearm, as defined in
    Title 18, United States Code, 921(a)(3), for which they
    may be prosecuted in a Court of the United States, to
    wit, a violation of Title 18, United States Code, Section
    36(b)(2)(A), as charged in Count Five of the Indictment,
    which count is realleged and incorporated by reference
    herein, and is the course of that crime, the defendants
    did cause the death of Eizer Rivera Molina through the
    use of a firearm, which killing is a murder as defined
    in Title 18, United States Code, Section 1111, in that
    the defendants, with malice aforethought, did unlawfully
    kill Eizer Rivera Molina by shooting him with the firearm
    willfully, deliberately, maliciously and with
    premeditation.  All in violation of Title 18, United
    States Code, Sections 924(c)(1)(A)(iii) & (B)(ii) and
    924(j)(1)".

(Criminal Case No. 12-0036 Docket No. 25 at p. 7).

    Count Seven (7) charged:

    On or about August 21, 201, in the District of Puerto
    Rico and within the jurisdiction of this Court, [6]
    Emanuel Rodriguez-Isaac, a/k/a Manuelito and three
    additional co-defendants, the defendants herein, aiding
    and abetting each other and others known and unknown,
    did knowingly possess a machinegun, as that term is
    defined in Title 18, United States Code, Section
    921(a)(23) and Title 26, United States Code, Section
    5845(b), a firearm of unknown brand, caliber, and serial
    number.  All in violation of Title 18, United States
    Code, Section 922(o) and 924(a)(2).

(Criminal Case No. 12-0036 Docket No. 25 at p. 8).

Civil No. 19-1968(GMM)
Page -6-

On January 10, 2013, Petitioner, as per his Plea Agreement with the Government, plead guilty to count six of the Superseding Indictment. (Criminal Case No. 12-0036 Docket No. 179).

The Plea Agreement between Rodriguez-Isaac and the United States was a Rule 11(c)(1)(A) & (C) agreement. (Criminal Case No. 12-0036 Docket No. 177). It stipulated that the parties agreed to recommend to the Court, regardless of the Criminal History Category, a term of imprisonment of no less than 300 months but no more than 336 months. Id. The United States agreed that at sentencing it would request the dismissal of all remaining counts of the Superseding Indictment as well as the dismissal of criminal cases 12-200(JAF) and 11-388(ADC) which Rodriguez-Isaac had pending before the Court.[1] (Criminal Case No. 12-0036 Docket No.177).

---

[1] Rodriguez-Isaac was charged in 12-200(ADC) with violent crime in aid of racketeering activity to wit the murder of Christian Toledo Sanchez a/k/a "Pekeke" in violation of the <u>Puerto Rico Penal Code</u>, Articles 105 and 106(2004). All in violation of Title 18, <u>United States Code</u>, Sections 1959(a)(1) and (2). Petitioner was also charged with use and carry of a firearm in relation to a crime of violence, which was the murder of Christian Toledo Sanchez. All in violation of Title 18, <u>United States Code</u>, Sections 924(c)(1)(A), 924(j)(1) and 2. (Criminal Case No. 112-200, Docket No. 196 at pp. 52-53). In criminal case 11-388(ADC) Petitioner was charged with conspiracy to possess with intent to distribute and distribution of various controlled substances in violation of Title 21, <u>United States Code</u>, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), 86 and 860. Petitioner was also charged with conspiracy to use, carry, possess, and discharge firearms in violation of Title 18, <u>United States Code</u>, Sections 924(c)(1)(A)(i), (c)(1)(A)(ii), (c)(A0(1)(iii), and 924(o). The Court notes that in criminal case 11-388 Rodriguez-Isaac is identified as a leader of a drug trafficking organization within the Luis Llorens Torres public housing project. (Criminal Case No. 11-388, Docket No. 3).

Civil No. 19-1968(GMM)
Page -7-

On May 21, 2013, the Court sentenced Rodriguez-Isaac to a term of imprisonment of 300 months and a term of supervised release of 5 years. Judgment was entered on the same day. (Criminal Case No. 12-036 Docket Nos. 224 & 225).

On May 19, 2014, Petitioner filed his first 2255 petition for relief. Rodriguez-Isaac's only argument was that of sentencing disparity. The court denied his petition. (Civil case No. 14-1404).

Now before the Court is Petitioner's authorized successive Section 2255 petition for relief. Rodriguez-Isaac argues that his 924(c) conviction should be vacated in light of the Supreme Court's invalidation of the residual clause in the Armed Career Criminal Act ("ACCA") in Johnson II. He contends that the rationale of Johnson II applies to the residual clause of the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), and that drive-by shooting (the predicate "crime of violence" alleged for his § 924(c) and § 924(j) conviction) does not qualify as a "crime of violence" under the force clause of this definition. Petitioner further argues that in United States v. Davis, 139 S.Ct. 2319 (2019) ("Davis"), the Supreme Court announced a new constitutional rule under which a drive-by shooting would not be classified as a

Civil No. 19-1968(GMM)
Page -8-

crime of violence, and thus, his conviction should be vacated.
Petitioner is mistaken.

## II. STANDARD OF REVIEW

Pursuant to Section 2255, "[a] prisoner in custody under
sentence of a court established by [an] Act of Congress . . . may
move the court which imposed the sentence to vacate, set aside or
correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides
for post-conviction relief in four instances, namely, if the
petitioner's sentence (1) was imposed in violation of the
Constitution, or (2) was imposed by a court that lacked
jurisdiction, or (3) exceeded the statutory maximum, or (4) was
otherwise subject to collateral attack." David v. United States,
134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States,
368 U.S. 424, 426-27 (1962)). Claims that do not allege
constitutional or jurisdictional errors are properly brought under
Section 2255 only if the claimed error is a ""fundamental
defect[s]" which, if uncorrected, will "result[ ] in a complete
miscarriage of justice,"" or an omission inconsistent with the
rudimentary demands of fair procedure"." Id.

A motion under Section 2255 is not a substitute for a direct
appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). As a
result, "as a general rule, federal prisoners may not use a motion

Civil No. 19-1968(GMM)
Page -9-

under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (Alito, J., concurring in judgement)(citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless Petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. Id.; United States v. Frady, 456 U.S. 152, 167-68 (1982).

### III. DISCUSSION

Rodriguez-Isaac moves to vacate, set aside or correct his sentence on the following ground.: his 18 U.S.C. section 924(c) conviction is invalid pursuant to the Supreme Court's decision in Johnson II. Hence he requests that as per Johnson II and Davis, his conviction and sentence be overturned due to his allegation that a drive -y shooting is not considered a crime of violence when analyzed pursuant to said precedents.

A.    Claim as to Johnson II

Rodriguez-Isaac avers that Johnson II, which struck down the residual clause of the Armed Career Criminal Act ("ACCA") due to

Civil No. 19-1968(GMM)
Page -10-

vagueness, invalidates the similarly worded residual clause of 18 U.S.C. Section 924(c)(3)(A). Rodriguez-Isaac argues that a Section 924(c) violation –a drive-by shooting- fails to categorically qualify as a crime of violence under the statute's "force clause", 18 U.S.C. Section 924(c)(3)(A). Petitioner claims that without 924(c)'s residual clause, he is not guilty of count six and his conviction and sentence on that count must be overturned.

Petitioner further alleges that because Davis held that the residual clause of 924(c) was unconstitutionally vague, a felony offense must qualify under the elements clause to serve as a predicate offense for a conviction for use of a firearm during and in relation to a crime of violence. Thus, he claims that his 924(c)conviction is flawed because his predicate offense of a drive-by shooting (Section 36(b)(2)(A)) does not satisfy the elements offense.

In Johnson II, the U.S. Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson II, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA

Civil No. 19-1968(GMM)
Page -11-

defines a "violent felony" as a crime punishable by imprisonment
for a term exceeding one year "that - (i) has as an element the
use, attempted use, or threatened use of physical force against
the person of another; or (ii) is burglary, arson, or extortion,
involves use of explosives, <u>or otherwise involves conduct that
presents a serious potential risk of physical injury to another</u>."
18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined
portion is known as the ACCA's "residual clause." The Supreme Court
found the ACCA's "residual clause" to be unconstitutionally vague
because its application was too "wide- ranging" and
"indeterminate." <u>Id</u>. On April 18, 2016, the United States Supreme
Court determined that <u>Johnson II</u> announced a new substantive rule
that applies retroactively to cases on collateral review. <u>Welch v.
United States</u>, 578 U.S. 120, 136 S.Ct. 1257(2016).

    Section 924(c)(1)(A), under which Petitioner was convicted,
prohibits the possession of a firearm in furtherance of a "crime
of violence" or a drug trafficking crime. Section 924(c)(3) defines
"crime of violence" as "an offense that is a felony and - (A) has
as an element the use, attempted use, or threatened use of physical
force against the person of another, or (B) that by its nature,
involves a substantial risk that physical force against the person
or property of another may be used in the course of committing the

Civil No. 19-1968(GMM)
Page -12-

offense." 18 U.S.C. section 924(c)(3)(B).  The first of these two clauses is referred to as the "force clause."  *See* <u>United States v. Rose</u>, 896 F. 3d 104, 106 (1st Cir. 2018).  The second is known as the "residual clause." <u>Id</u>.  Petitioner was convicted and sentenced under the provision of 18 U.S.C. § 924(c) that pertains to the use of a firearm during and in relation to a drive-by shooting.

In <u>Johnson v. United States</u> (<u>Johnson I</u>), 559 U.S. 133 (2010), the Supreme Court held that to qualify as a "crime of violence" under the force clause, an offense must have as an element the use, attempted use, or threatened use of a violent physical force "that is, force capable of causing physical pain or injury to another person." <u>Johnson</u>, 559 U.S. at 140 (2010).

Count Six to which Rodriguez-Isaac plead guilty and was convicted and sentenced for, establishes that Petitioner aided and abetted by others knowingly used and carried a firearm (a machinegun) during and in relation to a crime of violence.  The crime of violence being a drive-by shooting in violation of Title 18, <u>United States</u> <u>Code</u>, Section 36(b)(2)(A).  That in the course of that crime —the drive-by shooting— Rodriguez-Isaac caused the death of Eizer Rivera Molina through the use of a firearm, all in violation of Title 18, <u>United States Code</u>, Section

Civil No. 19-1968(GMM)
Page -13-

924(c)(1)(A)(iii) & (B)(ii) and 924 (j)(1). (Criminal Case No.12-036 Docket No. 25 at p. 7).

On July 27, 2021, the First Circuit Court of Appeals issued its opinion and order in United States v. Velazquez-Fontanez, 6 F.4th 205 (1st Cir. 2021), cert. denied, 142 S. Ct. 500, 211 L. Ed. 2d 303 (2021), and cert. denied sub nom. Resto-Figueroa v. United States, 142 S. Ct. 1164, 212 L. Ed. 2d 38 (2022).

In Velazquez-Fontanez, the defendant was convicted of aiding and abetting in the use of a firearm during and in relation to a crime of violence. The crime of violence in Velazquez-Fontanez was also a drive-by shooting. As Rodriguez-Isaac alleges, the defendant in Velazquez-Fontanez argued before the First Circuit that based on Johnson II and subsequently Davis, the predicate offense of a drive-by shooting could not be considered a crime of violence and hence his conviction could not stand.

The First Circuit expressed the following:

> Based on the predicate offense of a drive-by-shooting murder in violation of section 36(b)(2)(A), Velazquez-Fontanez was convicted of aiding and abetting the use of a firearm during and in relation to a crime of violence. See 18 U.S.C. Sec. 92(c)(1)(A). A "crime of violence" is defined as a felon offense that either "(A) has an element the use, attempted use, or involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause") 18 U.S.C. Sec. 924(c)(3)(A)-(B). Because United States v. Davis held that the residual clause was

unconstitutionally vague, a felony offense must qualify under the elements clause to serve as a predicate offense for a conviction for use of a firearm during and in relation to a crime of violence. <u>United States v. Davis</u>, 139 S.Ct. 2319, 2336 (2019). Velazquez-Fontanez claims that <u>Davis</u> undermines section 924(c) because section 36(b)(2)(A) predicate offense does not satisfy the elements clause.

 <u>Davis</u> does not help Velazquez-Fontanez. To assess whether a violation of section 36(b)(2)(A) satisfies the elements clause, we apply the categorical approach, "considering the elements of the crime of conviction, not the facts of how it was committed, and assessing whether violent force is an element of the crime." <u>United States v. Cruz-Rivera</u>, 904 F.3d 63, 66 (1st Cir.2018) (quoting <u>United States v. Taylor</u>, 848 F.3d 476, 491 (1st Cir.2017)). The language in section 36(b)(2)(A) easily satisfies section 924 (c)(3)'s elements clause. The act of "firing a weapon" involves the use of violent force. <u>See</u> <u>Johnson v. United States</u>, 559 U.S. 133, 140 (2010) (defining "physical force" as "force capable of causing physical injury to another person") <u>United States v. Edwards</u>,857 F.3d 20, 426 (1st Cir.2017) (remarking it would be "absurd" to conclude that "pulling the trigger on a gun involves no use of force because the bullet, not the trigger, is what actually strikes the victim"(quoting <u>United States v. Castleman</u>, 572 U.S. 157, 171 (2014)). A violator of section 36(b)(2) must undertake that violent force "with the intent to intimidate, harass, injure, or maim," satisfying the elements clause's mens rea requirement. <u>See</u> <u>United States v. Garcia-Ortiz</u>, 904 F.3d 102, 108-09 (1stCir.2018) (explaining that a general intent crime satisfies section 924(c)(3)(A)'s men rea requirement); <u>see also</u> <u>Borden v. United States</u>, 141 S.Ct. 1817, 1826 (2021) (plurality opinion) (observing that ACCA's elements clause obviously applies to "purposeful" forceful conduct). For these reasons, Velazquez-Fontanez's section 36(b)(2)(A) offense meets the requirements of section 924(c)(3)'s elements clause.

<u>United States v. Velazquez-Fontanez</u>, 6 F.4th 205 at 218-219.

Civil No. 19-1968(GMM)
Page -15-

Having the First Circuit clearly and unequivocally established that a drive-by shooting as depicted in section 36(b)(2) constitutes a crime of violence, Petitioner's conviction and sentence for violations of Title 18 <u>United States Code</u>, Sections 924(c)(1)(A)(iii) & (B)(ii) are constitutionally valid and shall thus remain in place. Rodriguez-Isaac's second Petition for 2255 relief is **DENIED**.

### IV. CONCLUSION

For the reasons stated, Petitioner's *Successive Motion under Section 2255* (Docket No. 2), *Motion Requesting Dismissal of Sentence* (Docket No. 15) and Petitioner's *Reply to the United States Response* (Docket No. 27) are **DENIED**. This case is **DISMISSED with prejudice**. Furthermore, Petitioner's request for appointment of counsel is **DENIED**. Judgment shall be entered accordingly.

If Petitioner files a notice of appeal, no certificate of appealability shall issue because he failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

San Juan, Puerto Rico, September 20, 2023.

<u>s/ Gina R. Méndez-Miró</u>
GINA R. MENDEZ-MIRO
UNITED STATES DISTRICT JUDGE